[No. 38744.    Department One.    April 13, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN JOSEPH
LYTLE, *Appellant*.*

*Charles I. Dobrin,* for appellant (appointed counsel for appeal).

*John Joseph Lytle,* pro se.

*Charles O. Carroll* and *Neal J. Shulman,* for respondent.

ROSELLINI, J.—The appellant was charged with second degree burglary. He appeals from a jury verdict of guilty.

On October 25, 1965, at approximately 10 p.m., the appellant was seen smashing the front window of a grocery store. A few moments later, he was observed leaving the store carrying away four bottles of wine. The witness who had observed the appellant asked him why he had broken the window. The appellant showed him the bottles of wine and replied, "This is why." The police were notified and the appellant was apprehended.

The appellant's first contention is that he was prejudiced in his defense because the trial court refused to discharge his court-appointed attorney and appoint a substitute. The reason advanced by the appellant for request-

*Reported in 426 P.2d 502.

ing a substitute was that the attorney appointed by the court had advised him to plead guilty. In questioning the appellant, the trial court learned that he had refused to cooperate with the attorney by supplying him with names of witnesses or other information to aid in preparation of his defense. The trial court concluded that the advice to plead guilty was not unreasonable under the circumstances and the appellant advances no reason why the advice was bad. At any rate, he did not plead guilty and he was ably defended by his counsel. It is for the trial court to decide, in its discretion, whether the dissatisfaction of the indigent accused with his court-appointed counsel would merit the appointment of new counsel. *United States ex rel. Allen v. Rundle,* 233 F. Supp. 633 (E.D. Pa. 1964). On the record before us, we are of the opinion that the denial of the request for the appointment of a different attorney was not an abuse of discretion.

Here is another instance of the modus operandi recognized in *State v. Keller,* 65 Wn.2d 907, 400 P.2d 370 (1965) wherein we stated:

> In recent months we have reviewed the records of other criminal appeals of defendants represented by court-appointed counsel. We note, with increasing concern, that it seems to be standard procedure for the accused to quarrel with court-appointed counsel, or to develop an undertone of studied antagonism and claimed distrust, or to be reluctant to aid or cooperate in preparation of a defense. This appears to be done in order to argue on appeal that the accused was deprived of due process alleging he was represented by incompetent counsel.
>
> The instant case is no exception to the general pattern we see developing. As was their right (*State v. Mode,* 55 Wn. (2d) 706, 710, 349 P. (2d) 727 (1960)), defendants supplemented the efforts of their appellate counsel by filing a reply brief in which they ". . . take the position of being represented [in the trial court] by an incompetent attorney." Again they ". . . attack the qualifications of this attorney to practice law before a bar of justice."

See, also, *State v. Roberts,* 69 Wn.2d 921, 421 P.2d 1014 (1966).

The trial court, in this case speaking to the court-appointed attorney, said:

█n my judgment you did everything and all that any attorney could reasonably do in behalf of his client. Of course, you were appointed, but I would never have recognized the fact that you were only appointed from the manner in which you defended the defendant.

██ It is next argued that the appellant is entitled to a new trial because one of the jurors complained at one point that he could not hear what the witness was saying. The court admonished the witness to speak up and had the witness repeat his answer. The appellant does not suggest that the testimony of the witness at this juncture was important to his defense, but he argues that it must be assumed that the juror heard none of the evidence and thus did not base his decision on the evidence. He concedes that he has been unable to find any authority to support his position. We think that in the absence of some showing that the juror had a hearing defect, it cannot be assumed that the complaint was occasioned by such defect. Rather, as the court observed at the time, it was due to the fact that the witness was speaking inaudibly. We find no merit in this assignment.

The appellant here, as in *State v. Mode,* 55 Wn.2d 706, 349 P.2d 727 (1960) has written a supplemental brief. It expounds the law in an erudite manner, but as in almost all briefs of self-taught penitentiary "Blackstones," the law contained in it does not apply to the facts of the case. In his brief, the appellant contends that he is an alcoholic and that he was not allowed to defend on that ground. However, the record shows that the jury was instructed properly regarding intoxication as a defense where a crime involves an element of specific intent. The appellant cites *Robinson v. California,* 370 U.S. 660, 8 L. Ed. 2d 758, 82 Sup. Ct. 1417 (1962), wherein it is stated that any law which would make a disease a crime would doubtlessly be universally thought to be an infliction of cruel and unusual pun-

ishment in violation of the eighth and fourteenth amendments to the United States Constitution. That reasoning is inapplicable, however, inasmuch as defendant was not charged with drunkenness or alcoholism but with burglarizing. That case does not stand for the proposition that the alcoholic cannot be held responsible for any crime he commits. We find no merit in this contention of the appellant.

The last assignment of error is in admitting the confession of the appellant which he contends was obtained from him under duress. He alleges that he asked to see a doctor and was told that he would have the services of a doctor if he made a statement. We find no support for this allegation in the record. The appellant testified about the conditions under which he gave the statement and made no mention of request for or promises of the services of the doctor or of any other threats or promises. He first raises this question in his brief. The trial court found that the statement was freely given and that the appellant had been advised of his rights. The record substantiates that finding.

The judgment is affirmed.

FINLEY, C. J., WEAVER and HALE, JJ., and DENNEY, J. Pro Tem., concur.