Erma Jean **GOOD**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21062.

United States Court of Appeals
Ninth Circuit.

May 31, 1967.

James S. Fitzpatrick, Los Angeles, Cal., for appellant.

John K. Van de Kamp, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Gerald F. Uelmen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Appellant was charged in one count with conspiring to violate 21 U.S.C. § 174 (the selling of narcotics); in count two with aiding and abetting an alleged coconspirator to possess unregistered and taxable narcotics (heroin), 26 U.S.C. § 4724(c); in count three with aiding and abetting an alleged coconspirator in the possession of unregistered and taxable cocaine; in count four with concealing certain marijuana, knowing it to have been imported contrary to law; and in count five with knowingly possessing untaxed marijuana, 26 U.S.C. § 4744 (a). Appellant was convicted on counts one, four and five. Counts two and three were dismissed by the government at trial. Count five was dismissed by the trial judge after trial. He then sentenced appellant to seven and one-half years on counts one and four, the sentences on each count to run concurrently.

Three errors are alleged:

(1) The admission of certain taped recordings of telephone calls into evidence; (2) the admission of a conversation between the appellant and certain government agents; and (3) the denial of appellant's motion (filed one day before trial) to dismiss her retained counsel.

A. The last alleged error, particularly in view of the time it occurred, was a matter resting peculiarly and entirely within the sound discretion of the trial judge. His action must be sustained by us in the absence of a showing of a clear abuse of discretion. Johnson v. United States, 291 F.2d 150, 153 (8th Cir.

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

1961), cert. den. 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961). No such showing has been made. Nor is any contention here made, nor could it be made, that appellant was not adequately represented by competent counsel at her trial.

■ B. The tape recordings were properly admitted into evidence as admissions against interests made by appellant herself. See Murray v. United States, 250 F.2d 489, 491 (9th Cir. 1957), cert. den. 357 U.S. 932, 78 S.Ct. 1375, 2 L.Ed.2d 1373 (1958). They were not admitted as a statement of one conspirator admissible against a coconspirator, because they were not made during the course of the conspiracy. The statements were made by appellant some two months prior to the time that she was in custody, and hence Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), are not applicable, irrespective of their lack of retroactivity (Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966)). The recorded conversations were not obtained by coercion. Coconspirator Kelley was given the opportunity to consult with the attorney of his choice before he agreed to participate in the interception and divulgence. We cannot believe that Mr. Kelley did not expect some leniency, but "expecting leniency" is not "coercion." McClure v. United States, 332 F.2d 19, 22 (9th Cir. 1964), cert. den. 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963 (1965).

■ C. Appellant's statements, made to Custom agents after her arrest, violated no constitutional safeguards, as she was advised on three occasions (R.T. pp. 269, 270, 281) of her right to remain silent; that she was entitled to an attorney; and that if she did make any statements they could be used against her. Escobedo, supra, requires only a warning that a defendant in custody may remain silent. This she was given, repeatedly. Appellant went to trial on March 29, 1966. Miranda, supra, does not apply to cases tried prior to June 13, 1966. Johnson v. State of New Jersey, supra. Further, no objection was made to the introduction of these statements at the time of trial. Unless good cause is shown for such failure, there is a waiver. Toland v. United States, 365 F.2d 304, 306 (9th Cir. 1966); Anthony v. United States, 256 F.2d 50, 54 (9th Cir. 1958).

■ Only the first of the matters hereinabove discussed affects the conviction on count four. Inasmuch as the sentences were concurrent, error as to count one, if it exists, is immaterial. Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692 (1929); Banzer v. United States, 367 F.2d 865, 866 (9th Cir. 1966), cert. den. 385 U.S. 1009, 87 S.Ct. 715, 17 L.Ed.2d 546 (1967); Gilbert v. United States, 359 F.2d 285, 288–289 (9th Cir. 1966); Page v. United States, 356 F.2d 337, 338 (9th Cir. 1966). And see, Gabriel v. United States, 366 F.2d 726, 727 (9th Cir. 1966). No error appears in connection with appellant's conviction on the fourth count.[1]

We affirm.

---

1. Count one relates to matters occurring in August 1965. Count four charged appellant with possession of marijuana on October 1, 1965. The facts of this incident are as follows:

On October 1, 1965, the appellant was arrested on a federal warrant in the City of Compton by an officer of the Compton Police Department. At the time of her arrest, the appellant asked permission to use the restroom, which was denied. She was advised of her constitutional rights, then transported, unhandcuffed, in the right front passenger's seat of a police vehicle. On the way to the police station, she was readvised of her constitutional rights. Appellant told the transporting officer she had in her possession "three or four joints", and asked for his permission to get rid of them. When such permission was denied, she reached into her brassiere, withdrew three hand-rolled cigarettes, and tossed them out the window of the moving vehicle. The officer immediately stopped and retrieved the cigarettes. Subsequent chemical analysis revealed that the cigarettes contained 26 grains of marijuana seed tops. (R.T. 238, Plaintiff's Ex. 4.) (See Appellee's Brief, p. 8.)