[No. 2364–3. Division Three. August 8, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. RICARDO
SOLIS GARCIA, *Appellant.*

*Dugger & Curnutt* and *Judy A. Dugger,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Catherine Lee Campbell, Deputy,* for respondent.

McInturff, J.—Ricardo Solis Garcia appeals from a conviction of rape.

The principal issues are whether the trial court erred (1) in declining to appoint alternate counsel as requested by Mr. Garcia and (2) in failing to determine if Mr. Garcia desired to waive counsel and represent himself.

On the day of trial Mr. Garcia's appointed counsel advised the court that Mr. Garcia had refused to see him during a visit at the jail. Counsel told the court he was not sure whether Mr. Garcia wanted to be represented by him. When Mr. Garcia indicated his displeasure with the attorney, the court investigated his reasons in the following colloquy which is reproduced verbatim to convey the manner in which the judge, counsel and Mr. Garcia attempted to resolve the serious constitutional issue concerning his representation:

THE COURT: For what reason, Mr. Garcia?

MR. GARCIA: Because I don't believe I have had any proper counseling with him.

THE COURT: How may times have you and Mr. Gano visited?

MR. GARCIA: Maybe about once or twice.

THE COURT: Did you refuse to see him Friday afternoon?

MR. GARCIA: No, I got witnesses here of all the notes that I had been sending him before. I wanted to talk to him. I had some important things to talk to him about and he never came to see me and I've got witnesses here, all the jailers called him up to tell him, they called him up and all of those times I never did get to see him. This is evidence.

THE COURT: How many times have you been in consultation with Mr. Gano, do you know?

MR. GANO: Well, I'd have to review it, but I think it is in the neighborhood of about a half dozen times, six different occasions. I'd have to check the registers in jail.

THE COURT: You have had about a half a dozen consultations with him?

MR. GANO: I believe that's about the number of times. I'd have to check the sign–in register to be absolutely sure.

THE COURT: Well, Mr. Garcia, Mr. Gano has been appointed by the Court to represent you and Mr. Gano is a very capable, intelligent public defender. He's had more of his clients acquitted up here than any other public defender that we have. He's quite capable and I'm sure that he's going to give you a better defense than anyone else could. If we don't have Mr. Gano trying this case now that's going to delay the trial of your case for another two, three weeks.

MR. GARCIA: *I understand, but I would rather have David Putney to be my lawyer.*

THE COURT: *Well, I am not appointing David Putney. You can't pick and choose.*

MR. GARCIA: *Yes, if I could not have David Putney I would like to have Thomas A. Deitzen.*

THE COURT: Mr. Putney is not a public defender. We will proceed with Mr. Gano in the trial.

MR. GARCIA: Well, there's no way that I can enter any kind of plea in that way because I feel I am not being represented right.

THE COURT: A plea of not guilty—

MR. GARCIA: I cannot enter no plea.

THE COURT: (Continuing)—has been entered and will be entered for you, Mr. Garcia. We will proceed with the trial. If you feel that this is some violation of your rights you have every right to appeal that decision to the Court of Appeals at the conclusion of the case.

MR. GANO: Well, at this point, Your Honor, I don't know what to say. If he is specifically rejecting me I don't mean to, in any way, shirk my responsibilities that the Court has placed on me. I am concerned though with forcing myself upon him.

THE COURT: No, you are not forcing yourself upon him. The Court is saying that Mr. Garcia does not have the unqualified right to pick and choose who's going to represent him. If he's being afforded proper and capable and intelligent counsel who's going to do the very best job for him that possibly can be—

MR. GARCIA: That if I have counsel, right, but I haven't gotten any counseling, any proper counseling at all.

THE COURT: Well, this is where I would have to disagree with you, sir. You have had five or six consultations with Mr. Gano.

(Italics ours.)

After conferring with counsel, the court then said:

THE COURT: Mr. Garcia, I want you to understand that Mr. Gano is your lawyer. He's been appointed by the Court and he is going to represent you in this case. He is going to try this case for you and he is going to do his level best to give you every benefit and every bit of his expertise as far as this case is concerned. Now, I don't feel that I want to have any sort of other disruption. Can you guarantee me that you are not going to disrupt this matter any further?

MR. GARCIA: I'm not going to disrupt it. The case is—I don't want this attorney to be there representing me because I don't believe that he has counseled me right and I know that I don't have no money to pay for a lawyer, but maybe my folks would be able to afford one for me. They live in Texas. I'd have to get in contact with them and see if they could.

THE COURT: No.

MR. GARCIA: *But in that case I do not wish to have this attorney with me because I believe that he hasn't been representing me right and I believe I haven't been represented.*

THE COURT: Well, that's a matter that you would take to the Appellate Court. In this particular situation we are here at the day of trial, this case has been set for trial for some time and you have come up here today on the day of trial—

MR. GARCIA: I come in here days before, I told him, they never did do nothing about it. Last Friday morning, he never come to see me and I already show proofs of the time I call him and wanted to discuss the matter and he never came to see me.

THE COURT: He tells me that you and he have had discussions at least a half a dozen times.

MR. GARCIA: The jail called him, I haven't talked twice.

THE COURT: I am not going to argue with you, Mr. Garcia. We are going to go ahead with this trial today

and Mr. Gano is going to try the case for you. I want to hear nothing more about it.

(Italics ours.)

■ Mr. Garcia first argues the court erred in failing to appoint alternate counsel. The decision as to whether an accused's dissatisfaction with his counsel, appointed or retained, merits the appointment of new counsel prior to trial lies within the sound discretion of the trial court.[1] Some of the factors considered by our courts in measuring the application of the court's discretion are set out in *State v. Shelton*, 71 Wn.2d 838, 839–40, 431 P.2d 201 (1967):

> Appellant gave no reason for his lack of confidence in his counsel; pointed to no area of disagreement between them; and failed to point out wherein counsel had in any way failed or refused to adequately advise or aid him in his defense. Furthermore, the request came after court–appointed counsel had prepared the case for trial. It is inferable that delay may have been appellant's motive in making the request.[2]

Here, Mr. Garcia's only apparent reason for dissatisfaction with his court appointed lawyer was their allegedly limited contact with one another. On that point, counsel represented he had seen Mr. Garcia at least twice as often as alleged by Mr. Garcia. That is the only disagreement alleged between them. Mr. Garcia did not contend his lawyer failed or refused to adequately advise him or aid him in his defense. Furthermore, several cases hold the trial court properly acts within its discretion when it refuses to allow the substitution of counsel on the eve of trial.[3] Under those

---

[1]*State v. Shelton*, 71 Wn.2d 838, 839, 431 P.2d 201 (1967); *State v. Lytle*, 71 Wn.2d 83, 84, 426 P.2d 502 (1967); *State v. Wilkinson*, 12 Wn. App. 522, 524, 530 P.2d 340 (1975).

[2]"Substantial grounds" are required to be shown in order for the court to appoint successor counsel under section 5.3 of the ABA Standards Relating To Providing Defense Services (Tent. Draft 1967).

[3]*United States v. Michelson*, 559 F.2d 567 (9th Cir. 1977); *United States v. Harris*, 501 F.2d 1 (9th Cir. 1974); *United States v. Price*, 474 F.2d 1223 (9th Cir.

circumstances we find no abuse of the court's discretion in failing to appoint alternate counsel for Mr. Garcia.

■ The primary question is whether the court erred in failing to determine if Mr. Garcia desired to waive his right to court appointed counsel and represent himself. A criminal defendant has a right under both the federal and state constitutions[4] to conduct his own defense without the assistance of counsel. *Faretta v. California,* 422 U.S. 806, 836, 45 L. Ed. 2d 562, 582, 95 S. Ct. 2525 (1975). However, as the court said in *Faretta v. California, supra* at 835:

> [I]n order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self–representation, he should be made aware of the dangers and disadvantages of self–representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."

(Citations omitted.)

---

1973); *Good v. United States,* 378 F.2d 934 (9th Cir. 1967). *See also* Annot., 157 A.L.R. 1225 (1945).

[4]The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

*Faretta* recognizes the right to self–representation under the Sixth Amendment and made it applicable to the states through the Fourteenth Amendment. The Washington State Constitution, amendment 10, *expressly* provides for pro se defense. It states:

> In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases . . .

Mr. Garcia's court appointed attorney presented that issue and the court resolved it in the following colloquy:

MR. GANO: Well, I tell you my concern, Your Honor, is if I am discharged and the Court is not going to appoint any other attorney to represent me I think that it should be placed on the record then that it is up to Mr. Garcia *whether he wishes it to proceed with me or without any attorney at all. My concern is the recent Supreme Court case [Faretta] which indicated that a client had the absolute right to refuse counsel and to represent himself,* and the Court's subsequently finding error in the trial court forcing an attorney upon a client, and that is my concern. If Mr. Garcia does not desire my representation and is aware that without my representation he isn't going to receive any representation from any other attorney unless it's one that he can retain himself then he should be aware of that and make the decision based upon that.

THE COURT: Well, I think this factual situation is distinguishable from the other case that was cited by counsel because in that particular situation we had a defendant who was somewhat learned in the law himself. He was a highly capable individual and did not wish a court–appointed counsel. In this particular situation we have Mr. Garcia who does wish to be represented by counsel and should be represented by counsel to fully assist him in all of this matter, but Mr. Garcia does not have the total right to choose whichever counsel he so desires. It is the responsibility of the Court to insure that he has adequate and proper representation, which this court has done. Unless it's going to be inhibitory in some fashion at this late date on the morning of trial I am not going to allow Mr. Garcia to now change his mind and request other counsel. We will proceed with the trial of the case.

(Italics ours.)

Until the court foreclosed the appointment of alternate counsel, the record clearly establishes that Mr. Garcia's primary concern was to obtain another attorney. However, when the court finally refused his request, Mr. Garcia said, "But in that case I do not wish to have this attorney with me. . . ." That statement is not the kind of clear and

unequivocal declaration of the desire for self-representation made by the defendant in *Faretta*. Nonetheless, under the circumstances it may have been the only opportunity for Mr. Garcia to express his preference for defending himself. Because it could reasonably be considered an indication of Mr. Garcia's desire to exercise his constitutional right of self-representation, we remand the case for a determination as to whether he did, indeed, wish to conduct his own defense. If that is so, he should be given a new trial at which he must, consistent with *Faretta* guidelines,[5] be given the opportunity to represent himself.

If the court finds Mr. Garcia does not wish to defend himself, then the judgment of the Superior Court must be affirmed because we find no merit to his final contention that he was denied a speedy trial under CrR 3.3. He was arrested in California on December 29, 1976, and was booked into the Yakima County jail on January 13, 1977. His first court appearance was on January 14, 1977, and he was tried on February 28, 1977. The information was filed on March 23, 1976.

Citing *State v. Striker*, 87 Wn.2d 870, 872–73, 557 P.2d 847 (1976), Mr. Garcia contends the speedy trial time frame of CrR 3.3 began when the information was filed regardless of the time of his preliminary appearance. He overlooks CrR 3.3(f) which provides:

> If and in event the defendant is absent and thereby unavailable for trial or for any pretrial proceeding at which his presence is required, the time period specified in section (b) or (c) shall start to accrue anew upon defendant's being actually present in the county wherein

[5]The court in *Faretta v. California*, 422 U.S. 806, 835 n.46, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975), indicated problems which may be encountered in self-representation by a defendant. The court said a trial judge may terminate the pro se defense effort of a defendant who engages in serious, obstructionist misconduct. The court also said:

Of course, a State may—even over objection by the accused—appoint a "standby counsel" to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary.

the criminal charge is pending, and his presence appearing upon the record of the court.

Mr. Garcia testified that from the time of the incident he had traveled throughout the United States and Mexico. He was arrested in California. There is nothing in the record to indicate he was within the state and amenable to process here prior to being booked into the jail following his arrest. His trial occurred well within 60 days from his preliminary appearance; thus, we find no error.

Finally, Mr. Garcia contends he was deprived of his right to obtain adequate files and records, including a certified transcript of the proceedings, upon which to base his pro se supplemental appeal brief. Mr. Garcia's earlier request for those materials was denied in a ruling by our Court Commissioner Keyes, and no motion to modify that ruling appears in this court's records.[6] Nonetheless, we agree with the commissioner's ruling:

> Appellant has been afforded the use of the copy of the verbatim report of proceedings in preparing his pro se supplemental brief as contemplated by RAP 9.5(d) and RAP 10.2(e). As for the additional materials requested by appellant, there is no showing that these materials are necessary to aid him in preparing his supplemental pro se brief. In fact, there is no indication that the affidavits, medical and police reports are a part of the trial court record in this case. Neither the Rules of Appellate Procedure, nor the State or Federal Constitutions require that copies of such documents be made available by the Court at State expense to an indigent defendant for use in preparing a pro se brief. *See Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967); *State v. Atteberry,* 87 Wn.2d 556, 554 P.2d 1053 (1976).

The judgment of the Superior Court is vacated and the cause is remanded for proceedings consistent with this opinion.

ROE, J., concurs.

---

[6]RAP 17.7 provides in pertinent part: "An aggrieved person may object to a ruling of a commissioner . . . only by a motion to modify the ruling directed to the judges of the court served by the commissioner . . ."

GREEN, J. (dissenting)—*Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975), is not controlling in this case. Under *Faretta,* the trial court must give the defendant the opportunity to represent himself *when he so requests.* In that case, Mr. Faretta made his request 3 weeks before trial. Here, there was no request before or at trial. *Faretta* does not impose an affirmative duty upon the trial judge to advise a defendant of his right to represent himself unless the defendant first indicates that he desires to proceed pro se.

The majority opinion focuses on the following colloquy:

> MR. GARCIA: . . . I don't want this attorney to be there representing me because I don't believe that he has counseled me right and I know that I don't have no money to pay for a lawyer, but maybe my folks would be able to afford one for me. They live in Texas. I'd have to get in contact with them and see if they could.
>
> THE COURT: No.
>
> MR. GARCIA: *But in that case I do not wish to have this attorney with me because I believe that he hasn't been representing me right and I believe I haven't been represented.*

The majority believes that the italicized statement indicates that Mr. Garcia wanted to represent himself. I respectfully disagree. The thrust of all the colloquy contained in the majority opinion is Mr. Garcia's concern that he be given new counsel; at no time did he express a desire to appear as his own attorney.

The only reference to the right of a defendant to proceed without counsel was by Mr. Gano, court appointed counsel, when he referred to *Faretta v. California, supra.* Mr. Gano made this reference in the presence of Mr. Garcia. Notwithstanding, Mr. Garcia gave no indication that he wanted to proceed pro se. He just wanted another lawyer. Now, for the first time on appeal, he argues through different counsel that he was denied his constitutional right to represent himself. He does not claim that he was inadequately represented. In fact, the record reveals that Mr. Gano competently performed his function as defense counsel. In my

68

opinion, *Faretta* does not require a trial court to advise a defendant that he may proceed pro se in the circumstances of this case.

Consequently, I respectfully dissent.

Reconsideration denied August 29, 1978.

Review granted by Supreme Court January 19, 1979.