**STATE of Maine**

v.

**Raymond CURRIER.**

Supreme Judicial Court of Maine.

Dec. 26, 1979.

Thomas E. Delahanty, II, Dist. Atty., John C. Sheldon, Asst. Dist. Atty. (orally), Farmington, for plaintiff.

Christopher S. Beach (orally), Wilton, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, GLASSMAN and NICHOLS, JJ.,

NICHOLS, Justice.

This appeal presents the uncommon issue of the right of an accused to represent himself in a criminal trial.

The Defendant, Raymond Currier, appeared *pro se* in a jury-waived trial on October 31, 1978, in Superior Court in Franklin County in which he was found guilty of intentionally negotiating a worthless instrument, 17–A. M.R.S.A. § 708(1). The incident occurred one evening during the previous June at the Defendant's home at Wilton, Maine, where he carried on a business known as Currier Custom Firearms. Involved was a check in the amount of $95, which, in the presence of a police officer, the Defendant drew upon his bank in Farmington and handed to a customer to refund a deposit paid him by that customer.

The Defendant seasonably appealed from the judgment of conviction. With the assistance of counsel the Defendant now urges that (1) he was unconstitutionally deprived of the assistance of counsel at trial; (2) the State failed to establish by a preponderance of evidence that he received notice of dishonor of the check; and (3) the trial court erred in excluding evidence of the duress the Defendant claimed he was under when he drew this check.

We sustain the judgment of the Superior Court.

This case began with a complaint filed in the District Court (District Twelve, Division of Franklin) and was transferred to the Superior Court. At the threshold we are troubled by the limited record of what transpired in that Court. We have before us on this appeal only an attested copy of the District Court docket entries. Those entries do not indicate whether the Defendant was informed of his right to counsel prior to arraignment. Neither does the record identify the judge who ordered the transfer of the case. Those matters may be of critical importance in determining whether the Superior Court gained jurisdiction to try the case.

Rule 40, D.C.Crim.R., provides in pertinent part:

In all prosecutions in the District Court the Defendant, after arraignment and plea of not guilty, may request that the action be transferred to the Superior Court. The District Court Judge shall thereupon issue an order transferring the case to the Superior Court. . . . Immediately upon the issuance of an order transferring a case to the Superior Court the clerk shall transmit to the Superior Court in the county in which the division of the District Court issuing the order is located the whole process and all writings in the District Court pertaining to the case and any bail which has been taken.

We cannot emphasize too strongly that to accomplish the transfer of a case to Superior Court, in District Court (1) the defendant who appears without counsel must be advised of his right to counsel, and (2) there must be a valid arraignment of the defendant. 15 M.R.S.A. § 2114; D.C. Crim.R. 40. After (3) a plea of not guilty is taken, and the defendant requests that the

action be transferred to the Superior Court, (4) the judge in writing must order the transfer of the case. Then (5) the clerk must transmit to the Superior Court "all writings" in the case. The latter should include an attested copy of the District Court docket entries.

This is a direct appeal from the Defendant's conviction in Superior Court, and we cannot reach outside of the record before us. Furthermore, an irregularity which does not affect substantial rights is to be disregarded. M.R.Crim.P. 52(a).

We come now to the issues of substance.

While the right of the accused to the assistance of counsel is guaranteed him by both our state constitution [1] and the federal constitution [2] this is a right which an accused may voluntarily and intelligently elect to forego. The right of self-representation has been held to be grounded in the structure of the Sixth Amendment itself. *Faretta v. California*, 422 U.S. 806, 818, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).[3] It has equal support in the Declaration of Rights of our state constitution.[4] The rights detailed in Section 6 are not conferred upon his counsel but are given directly to the accused.

In this case after an extended colloquy between the presiding justice and the Defendant, the presiding justice was satisfied that the Defendant was voluntarily and intelligently electing to conduct his own defense. There was no error here.

As to the remaining issues, because the Defendant did not raise them by appropriate motions either at the close of the evidence or after verdict, we may consider them on a manifest error basis. *State v. Boyer*, Me., 392 A.2d 41, 42 (1978).

1. Me.Const., Art. I, Sec. 6.

2. U.S.Const., Amends. VI and XIV.

3. *See* also Cook, "*Faretta v. California:* An Examination of Its Procedural Deficiencies," 7 *Col. Human Rights L. Rev.* 553 (1971).

4. *See generally* Annot., 77 A.L.R.2d 1233 (1961); Leventon, "Independent Right of Self-representation in *Sixth Amendment Permits Defendant to Act as Own Lawyer at State Criminal Trials*," 61 *Cornell L. Rev.* 1019 (1976); Lewis, "Accused's Right to Defend Pro Se—Rights Necessary for Fair Administration of Justice," 27 *Case Western L. Rev.* 412 (1976); *State v. Garcia*, 92 Wash.2d 620, 600 P.2d 1010, 1015 (1979).

From our review of the record we conclude that there was independent evidence upon which the fact finder could find beyond a reasonable doubt that the Defendant knew his check would be dishonored. The fact finder was not limited to the presumption provided by 17–A M.R.S.A. § 708(2)(B).

On the final issue a similar review of the record discloses no exclusion of evidence which might have been relevant to the Defendant's assertion of duress. Indeed, he offered no evidence whatsoever of duress.

The Defendant takes nothing by raising these issues on appeal.

The entry will be:

Appeal denied.

Judgment affirmed.