[No. 6904-7-I.  Division One.  February 11, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD FRANK WATKINS, *Appellant.*

*Alberto Velarde,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Thomas L. Pugh, Deputy,* for respondent.

ANDERSEN, J.—

### FACTS OF CASE

The defendant, Donald Frank Watkins, appeals from a judgment and sentence entered on a verdict of guilty of first–degree assault while armed with a deadly weapon and firearm.

On April 26, 1978, the defendant's first attorney moved for an order authorizing an examination to determine his competence to stand trial.

On May 1, 1978, a competency hearing was held at which the defendant strenuously objected to being sent to Western State Hospital for psychiatric observation. Several times at that hearing he expressed dissatisfaction with his then attorney. He said, "I don't need my attorney, if he is seeking to work against me"; "I don't need an attorney . . ." and "I don't need [my attorney] for anything."

Then on May 18, 1978, another competency hearing was held. At that time the defendant was found competent to stand trial.

At the second competency hearing, the defendant again expressed dissatisfaction with his attorney's representation

of him. The attorney moved to withdraw but the trial court reserved ruling on the motion until after the hearing. On this occasion, the defendant made such statements as "I am defending myself"; "I am capable to go to court and speak up in my behalf" and "I have relieved [my attorney] of responsibility to defend me." At one point when the court denied the defendant's request to be allowed to cross-examine a witness, the defendant said, "He is not my attorney any longer" and the attorney proceeded with the cross-examination. Also at this hearing, the defendant said, "I think that I can defend myself adequately" and "That is my right to defend myself."

On June 1, 1978, various motions in the case were heard by a different judge, the judge who would also preside over the trial commencing the following day. A different attorney appeared for the defendant and represented him in bringing various motions. This attorney, as with the previous one, was court appointed. He advised the court that the defendant felt the assistance of counsel was unnecessary. Counsel then proceeded to cross-examine the State's witness, make objections and otherwise handle the hearing for the defense.

Trial was held from June 2 to 7, 1978. The defendant refused to participate and, contrary to his previously expressed wishes, his new counsel continued to participate in the trial. The defendant remained silent throughout the trial. No defense case was presented. The jury returned a verdict of guilty.

At sentencing, the defendant continued to refuse to participate. He was again assisted by his second attorney, as at the trial. He was sentenced to a maximum term of 20 years for first-degree assault. Special verdicts were entered that the defendant committed the crime while armed with a deadly weapon pursuant to RCW 9.95.040 and a firearm pursuant to RCW 9.41.025.

One issue is determinative of this appeal.

## ISSUE

Did the trial court err by refusing to allow the defendant to represent himself?

## DECISION

CONCLUSION. The defendant's constitutional right to defend himself was denied and the case must be reversed and remanded for a new trial.

█ Well prior to the trial of this case, the United States Supreme Court in *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975) held that the sixth amendment to the United States Constitution, as applied to states by the Fourteenth Amendment, guaranteed the defendant the right to represent himself without counsel. The record before us does not reflect that this decision was cited to the trial court by counsel in this case nor was it mentioned by the trial court.

Subsequent to the trial of the present case, we discussed the ramifications of *Faretta* in *State v. Fritz,* 21 Wn. App. 354, 358–63, 585 P.2d 173 (1978) and laid down the following eight basic principles, which reiterated that right and spelled out the procedures for implementing and asserting it. These are as follows:

1. Every defendant in a criminal case has an independent constitutional right to represent himself or herself without the assistance of legal counsel.

2. In order to exercise this right, it is incumbent upon the defendant to request it, and the court is not initially required to advise the defendant of that right.

3. The right must be exercised knowingly and intelligently.

4. A demand to defend pro se must be stated unequivocally. (Even when the right is unequivocally asserted, however, it may still be subsequently waived by words or conduct.)

5. The demand must be timely made.

6. The right to proceed pro se cannot be used as a means of unjustifiably delaying a scheduled trial or hearing or to obstruct the orderly administration of justice.

7. The right of self–representation cannot be permitted to justify a defendant disrupting a hearing or trial, or as a license to a pro se defendant to not comply with the relevant rules of procedural and substantive law.

8. Standby counsel may be appointed even over objection by the accused to aid the accused if and when he or she requests help, and to be available to represent the accused in the event that termination of the defendant's self–representation becomes necessary.

*See also State v. Garcia,* 92 Wn.2d 647, 600 P.2d 1010 (1979).

In the present case, commencing several weeks before the scheduled trial, the defendant unequivocally and repeatedly demanded that he be given his constitutional right to represent himself. No motion for a continuance was made and there is no suggestion that the request was made for the purpose of delaying, disrupting or obstructing the trial.

The defendant did not waive the right to represent himself when he repeatedly asked and was denied that right and then, when the case went to trial, he simply resigned himself to the obvious fact he was not going to be accorded that right and remained silent throughout the trial and post–trial proceedings while an appointed attorney represented him.[1]

---

[1] At the May 18, 1978 hearing, the defendant indicated his intention to remain silent as follows:

"Well, like I'm stating here, this is an illegal proceeding. I am at your mercy. You can force me or whatever you want to. I don't have anything to say, your Honor."

Then at the June 1, 1978 pretrial motion hearing, the defendant's attorney advised the court as follows:

"Your Honor, on behalf of my client he has indicated that he feels quite strongly that the Court has ruled erroneously in this matter. He feels like he does not need the assistance of counsel, because nobody is paying attention to his rights. He refuses to give any credence to any further proceedings in this court."

The issue was raised and discussed by both counsel as to whether the defendant had the mental competency to knowingly and intelligently waive legal counsel and represent himself pro se. *See State v. Kolocotronis*, 73 Wn.2d 92, 98–102, 436 P.2d 774 (1968); *State v. Fritz, supra* at 359–60. As to that issue, the trial court made no ruling and entered no findings. However, the trial court specifically found that the defendant was competent to stand trial and in other respects indicated that he was competent to represent himself pro se.[2] The record does not permit us to assume that the defendant was without the mental competency necessary to knowingly and intelligently waive legal counsel and act as his own attorney.

Although it is clear that the trial court was trying to protect the defendant's rights, he did have the constitutional right to defend himself pro se, and since he was denied that right, the conviction must be set aside and a new trial held.

A new trial having been ordered, it is unnecessary to discuss the claimed sentencing error.

Reversed and remanded for a new trial.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied April 9, 1980.

Review denied by Supreme Court June 20, 1980.

---

[2]For example, at the second competency hearing on May 18, 1978, the following colloquy transpired:

"THE DEFENDANT: I think that I can defend myself adequately.

"THE COURT: This may well be so, but at the present time I would propose that we continue to have an attorney named to represent you.

"THE DEFENDANT: Well,—

"THE COURT: Let me finish. . . .

"THE DEFENDANT: . . . I don't need him. . . ."

The trial court also at that time observed that, "as I view the record he is capable of assisting counsel."