**STATE of Maine**

v.

**Kalvin B. MASON.**

Supreme Judicial Court of Maine.

Argued Sept. 12, 1980.

Decided Sept. 29, 1980.

Janet T. Mills, Dist. Atty., Auburn, J. Scott Davis, Senior Asst. Dist. Atty. (orally), South Paris, for plaintiff.

Jeffrey Kilgore (orally), Rupert F. Aldrich, Craig E. Turner, South Paris, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ., and DUFRESNE, A. R. J.

PER CURIAM.

The Defendant, Kalvin B. Mason, appeals from judgments of convictions for selling or possessing motor vehicles with no identification marks (29 M.R.S.A. § 2185) entered March 6, 1980, in Superior Court in Oxford County upon the purported transfer to that court of two complaints filed against him in District Court.

We sustain the appeal upon the ground that the Superior Court had no jurisdiction.

In *State v. Currier*, Me., 409 A.2d 241, 243 (1979), we spelled out the several steps required under the statute and our rule to transfer a case from District Court: (1) The

defendant who appears without counsel must be advised of his right to counsel. (2) There must be a valid arraignment of the defendant. (3) After a plea of not guilty is taken and the defendant requests that the action be transferred to the Superior Court, the judge must in writing order the transfer of the case. (4) Thereupon the clerk must transmit to the Superior Court "all writings" in the case; these should include an attested copy of the District Court docket entries. 15 M.R.S.A. § 2114; D.C. Crim.R. 40.

Because in the case at bar there was no arraignment of the Defendant in District Court,[1] the purported transfer of the cases was ineffective, and the Superior Court lacked jurisdiction to try him on the two complaints.[2]

The entry, therefore, must be:

Appeal sustained.

Judgments of conviction vacated.

Remanded to Superior Court to be there remanded to District Court for further proceedings consistent with the opinion herein.

All concurring.

---

1. In one case the District Court docket entry for "plea" was "Transferred to Oxford County Superior Court." In the other case there was no docket entry for "plea" but the words "Transferred to Oxford County Superior

Court" appeared on the right-hand side of the sheet.

2. The issue of lack of jurisdiction was at no time raised by the Defendant.