**STATE of Maine**

v.

**Gregory B. MUSK.**

Supreme Judicial Court of Maine.

Argued Nov. 18, 1981.

Decided Dec. 17, 1981.

§ 1312). We must set aside that conviction on grounds not raised by either party, namely, that the Superior Court had no jurisdiction.

We have previously indicated that procedural regularity is necessary for a proper transfer of a case from District Court under 15 M.R.S.A § 2114[1] and D.C.Crim.R. 40. *State v. Mason*, Me., 420 A.2d 216 (1980); *State v. Currier*, Me., 409 A.2d 241 (1979). In the case before us, although there are two charging instruments in the Superior Court's file, *neither* has been entered on the District Court docket as required by D.C. Crim.R. 55. Indeed, the initial entry on the docket sheet furnished to Superior Court by the District Court reflects only receipt of a letter from the defendant's attorney.

Under such circumstances the Superior Court never acquired jurisdiction to try the defendant upon either charging instrument. The entry, therefore, must be:

Judgment of conviction vacated.

Remanded to Superior Court to be there remanded to District Court for further proceedings consistent with the opinion herein.

All concurring.

John C. Sheldon, (orally), Asst. Dist. Atty., Farmington, for plaintiff.

Roger S. Golin, (orally), Paul A. Weeks, Bath, for defendant.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

MEMORANDUM OF DECISION.

Gregory B. Musk appeals from a conviction in Superior Court, Franklin County, for operating a motor vehicle while under the influence of intoxicating liquor (29 M.R.S.A.

1. Section 2114 was amended by P.L. 1981, ch. 487, eff. Jan. 1, 1982.