**STATE of Maine**

v.

**Ruth SYLMOR–SLOSBERG.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1982.

Decided Oct. 13, 1982.

---

Henry N. Berry, III, Dist. Atty., Peter J. Ballou (orally), Deputy Dist. Atty., Portland, for plaintiff.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

After a bench trial in Superior Court (Cumberland County), defendant Ruth Sylmor-Slosberg was convicted of operating a motorboat without a certificate of number, in violation of 12 M.R.S.A. § 7801(1) (1981), and was fined $75. She argues on appeal that certain irregularities at the outset of the proceedings in the District Court deprived that court, and hence the Superior Court and this court, of "jurisdiction." We reject her argument and affirm the judgment of the Superior Court.

On July 17, 1981, while boating on Sebago Lake, defendant was stopped by a game warden of the Department of Inland Fisheries and Wildlife. The warden handed her a document that for convenience we will here call the "warden's summons," which stated, "You are hereby summoned to appear in District Court at ... Portland [at 10:00 a.m. on July 24, 1981] to answer the complaint of oper. unreg. watercraft." On July 24, a complaint charging defendant with the July 17th violation of section 7801(1) was filed in the District Court, and defendant was arraigned on that complaint on August 12, pleading not guilty. After transferring her case to the Superior Court pursuant to D.C.Crim.R. 40, defendant filed a motion to dismiss on the grounds that the warden's summons delivered to her on July 17 did not conform to the requirements of D.C.Crim.R. 4 and that the warden was not authorized to serve that summons upon her. The Superior Court rejected that argument. Now, on appeal, defendant urges the Law Court to hold that the Superior Court erred in denying her motion.

In resisting defendant's appeal, the State contends that she waived her right to challenge the warden's summons by failing to comply with the last sentence of D.C. Crim.R. 40, which at the pertinent time read as follows:

> Failure of a defendant prior to transfer pursuant to this rule to present any defense or objection which must be raised under Rule 12 will constitute a waiver thereof.[1]

---

[1] Effective January 2, 1982, D.C.Crim.R. 40 was completely rewritten in connection with the so-called Single Trial Law, 15 M.R.S.A. § 2114 (Supp.1982), enacted by P.L. 1981, ch. 487, which became effective on January 1, 1982. The comparable sentence of present D.C.Crim.R. 40(a) reads as follows:

> Any issue under Rules 3, 12, 13, 14, 15, 16, 16A, 21, 22, 41, 44, and 46 not presented to

Suffice it to say that defendant *did* present her objection to the warden's summons in timely fashion, in that she filed the same motion to dismiss in the District Court prior to transfer. It is true that the District Court never heard or ruled on her motion to dismiss, but that failure of the District Court to act before transfer of the case is not shown to have been caused by any act or omission on defendant's part. She had "presented" her objection prior to transfer in a manner adequate to prevent any waiver.

Addressing, as we must, the merits of defendant's argument that the warden's summons and his service of it were insufficient, we agree with the Superior Court's denial of her motion to dismiss. Rule 4(a) contemplates the issuance of a warrant or summons only after the filing of a complaint or of "an affidavit ... sworn to before a magistrate or other officer empowered to issue process." Rule 4(b) requires a warrant or summons to issue from a court and to be signed by the magistrate or other issuing officer. Those requirements were not met in the case of the warden's summons delivered to defendant at Sebago Lake on July 17, 1981. The complaint was not filed until seven days later, and a game warden is empowered only to "serve" criminal processes, not to issue them. 12 M.R. S.A. § 7053(2)(B) (1981).

■ Nonetheless, defendant was not prejudiced by what the warden did at Sebago Lake on July 17. On appeal, defendant concedes that the game warden could have arrested her then and there. 12 M.R.S.A. § 7053(2)(A) & (D) (1981). Instead, he chose to treat her with considerably more courtesy. If, as she argues, the document the warden gave her was not a valid summons, then its only effect was to request or invite her presence in court on July 24. A valid summons, of course, would be a command, rather than a request, to appear in court, and disregard of that command would be grounds for the issuance of an arrest warrant. *See* D.C.Crim.R. 4(a). While the alleged defects in the summons

the District Court prior to transfer shall be

and service might have excused defendant if she had *failed* to comply with the warden's request, it is undisputed in this case that a valid complaint was later filed in the District Court and that subsequently defendant appeared personally in that court for arraignment and trial. The validity of her prosecution and conviction upon the complaint after she personally appeared is not vitiated by any insufficiency in the warden's summons and its service on July 17. *See generally Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 511–12, 96 L.Ed. 541 (1952); *State v. Stone,* Me., 294 A.2d 683, 693–97, *cert. denied,* 409 U.S. 908, 93 S.Ct. 212, 34 L.Ed.2d 169 (1972).

■ The second issue argued by defendant on appeal was raised for the first time in this court. She asserts that the District Court never acquired jurisdiction to try her on the complaint because the filing of the complaint was never properly noted on the District Court docket sheet, as required by D.C.Crim.R. 55(a). The State, in addition to disputing defendant's conclusion that the docketing defect deprived the District Court (and thereafter the Superior Court and this court) of jurisdiction, has moved in the alternative to supplement the record on appeal so as to correct the omission. In view of our conclusion that the docketing error was not a jurisdictional defect, we find it unnecessary to consider the State's request for supplementation of the record.

It is true that the District Court docket sheet in this case has no entry showing the date on which the complaint was filed—indeed, the docket form used by the District Court at Portland provides no blank space for such an entry. And we agree with defendant that Rule 55(a) is properly read to require that the docket sheet reflect the filing of a criminal complaint. However, while we do not approve of the District Court's failure to docket the filing of the complaint, we cannot conclude that that shortcoming prevented the court from acquiring jurisdiction.

Defendant Sylmor-Slosberg has expressly stipulated that the complaint charging her

deemed waived.

with violating section 7801(1) was in fact timely filed in the District Court. As we said in *State v. Melanson,* 152 Me. 168, 171, 126 A.2d 278, 280 (1956), "The *complaint* is the *indispensable charge* of the crime." (Emphasis in original) The only case cited by appellant in support of her jurisdictional contention, *State v. Musk,* Me., 438 A.2d 472 (1981) (memorandum of decision), is not to the contrary. In *Musk,* there were two complaints in the trial court's file, but the filing of neither had been noted in the place provided therefor on the docket sheet. The lack of any docket entry in that case gave rise to the question whether either of the complaints had in fact been properly filed. It was the absence of any showing of timely filing of a complaint, not the absence of a docket entry itself, that deprived the *Musk* court of jurisdiction. In the present case, because of defendant's stipulation, no doubt exists on that score. The defective District Court docket, like the defective warden's summons and service, neither prejudiced defendant nor prevented substantial justice from being done. "An irregularity which does not affect substantial rights is to be disregarded." *State v. Currier,* Me., 409 A.2d 241, 243 (1979) (applying M.R.Crim.P. 52(a)).

Accordingly, the entry must be:

Judgment of conviction affirmed.

All concurring.