**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lyle James MAIN, Defendant-Appellant.**

**No. 25361.**

United States Court of Appeals,
Ninth Circuit.

June 3, 1971.

Rehearing Denied July 20, 1971.

Charles R. Khoury, Jr., San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BROWNING, CARTER and TRASK, Circuit Judges.

PER CURIAM:

Appellant's sole argument is that the trial judge erred in denying defense counsel's request, made at the close of the government's case, to be relieved and to have other counsel appointed in his stead, and that as a result appellant was not afforded effective assistance of counsel.

The governing legal principles are well settled. A criminal defendant does not have an absolute right to a change in trial counsel during the course of the trial. *See* Sanchez v. United States, 311 F.2d 327, 333 (9th Cir. 1962). Discharge of trial counsel is "a matter resting peculiarly and entirely within the sound discretion of the trial judge. His action must be sustained * * * in the absence of a showing of

clear abuse of discretion." Good v. United States, 378 F.2d 934 (9th Cir. 1967). Relief from conviction on the ground that defendant was denied the effective assistance of counsel "will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." Borchert v. United States, 405 F.2d 735, 738 (9th Cir. 1968), and cases cited therein.

The record reveals that a controversy had developed between appellant and his counsel as to the wisdom of presenting a defense of drug-induced intoxication in mitigation of the offenses charged. Counsel stated his reasons for believing that the defense should not be offered, and asked to be relieved rather than present the defense against his better judgment. The court denied leave to withdraw. The court then asked appellant if, after hearing his counsel's reasons, he still wanted to present the defense. Appellant replied that he did. A continuance was granted to allow counsel an opportunity to prepare the presentation of the defense.

The next morning counsel advised the court that appellant no longer desired to proceed with the drug stupor defense. The trial judge questioned appellant on this point, and appellant indicated that he knew the defense was available and that the witnesses, except an inmate of San Quentin, were prepared to testify, but that he no longer desired to call them to the stand. The defense then rested without calling any witnesses.

■ Denial of the motion for substitution of counsel was not an abuse of discretion. The motion was made midway in the trial, and granting it would have resulted in delay. Denial of the motion did not result in ineffective assistance of counsel. There was no failure on the part of counsel to investigate the intoxication defense. He made an informed judgment that, as a matter of strategy, unfavorable testimony which would be elicited in the course of presenting the defense would far outweigh any advantage to be gained. On this record we cannot say that his choice was unreasonable, or that it deprived appellant of a fair trial. See Borchert v. United States, supra; Eubanks v. United States, 336 F.2d 269 (9th Cir. 1964).

Appellant's reliance on Brown v. Craven, 424 F.2d 1166 (9th Cir. 1970), is misplaced. In Brown, counsel's failure to present a substantial intoxication defense resulted not from a deliberate strategic choice but from an "irreconcilable conflict" brought to the attention of the court long before commencement of the trial. The conflict was more than a mere disagreement over strategy; and it resulted in a total lack of communication between client and counsel which prevented counsel from presenting any adequate defense in Brown's behalf. Unlike counsel in Brown, counsel here was aware of the defense available and had interviewed the witnesses whose testimony would support it.

Affirmed.