[No. 9534-7-III. Division Three. January 23, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. ALVIN L. HEGGE, *Petitioner*.

*Howard F. Delaney,* for petitioner (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* for respondent.

THOMPSON, C.J.—This matter is before us on a Motion to Modify Commissioner's Ruling filed by Alvin L. Hegge, charged with conspiracy to commit second degree murder. The ruling was in response to a motion for discretionary review made by Howard Delaney, counsel for Mr. Hegge. We modify the Commissioner's ruling, grant discretionary review, and decide the issues on the record before us.

On August 23, 1988, the trial court rescinded Mr. Hegge's right to proceed pro se and named Mr. Delaney as counsel. The court denied Mr. Delaney's motion to withdraw. His motion requesting discretionary review of that decision was denied by our Commissioner on December 1, 1988. Mr. Hegge then personally filed a motion to modify, basically asserting two issues: (1) the court erred by refusing to allow him to proceed pro se and (2) refusing to remove Mr. Delaney as court appointed counsel because of what he perceives as a conflict of interest. On January 6, 1989, this court, treating Mr. Hegge's motion as one for discretionary review of a constitutional issue, stayed the criminal trial and ordered the trial court to provide transcripts of any hearings which resulted in its order of August 23, 1988.

Subsequent to our stay order, the State moved to clarify the effect of the stay as it pertained to Mr. Hegge's codefendant, Billy C. McEwen. On January 13, 1989, this court

ruled the matter of severance remained within the discretion of the trial court pursuant to CrR 4.4. The trial court denied Mr. McEwen's motion to sever and continued the trial to January 24, 1989. The State then filed a motion asking this court to stay both trials. Mr. Hegge moved for appointment of appellate counsel. For reasons that will become apparent, this court concludes the motion to stay and the motion for appointment of appellate counsel are moot.

## MR. HEGGE'S MOTION

In rescinding Mr. Hegge's pro se representation, the court found: (1) Mr. Hegge had not prepared a witness list, (2) had not interviewed witnesses, (3) had done nothing regarding suppression and, (4) had done no further discovery. The court noted in its oral ruling:

> Mr. Hegge, it's clear to this Court you are not ready for trial. It's very evident that you will not be able to proceed in representing yourself. I owe you an obligation—I owe you an obligation to prepare a defense. I owe you an obligation to have someone who is competent to represent you. At this point I am removing your status as your attorney pro se. Mr. Delaney is appointed to represent you as full counsel.

■ The trial court's rationale for discontinuing Mr. Hegge's pro se status is insufficient, as it pertains solely to the quality of Mr. Hegge's defense. The only relevant inquiry is whether there has been a knowing and intelligent waiver or abuse of the dignity of the courtroom. *Smith v. State,* 71 Md. App. 165, 524 A.2d 117, 125 (1987); *see also State v. Hahn,* 106 Wn.2d 885, 890 n.3, 726 P.2d 25 (1986), which impliedly rejected questions posed in *State v. Christensen,* 40 Wn. App. 290, 294 n.1, 698 P.2d 1069, *review denied,* 104 Wn.2d 1003 (1985) as being nearly afoul of *Faretta v. California,* 442 U.S. 806, 807, 45 L. Ed. 2d 562, 95 S. Ct. 2525, 2527 (1975). With respect to disrupting the court's dignity, no issue has been raised in these proceedings; thus, we decline to address it.

We conclude, after our review of the record, that Mr. Hegge unequivocally demanded he be allowed to proceed pro se. *State v. Garcia,* 92 Wn.2d 647, 655, 600 P.2d 1010 (1979); *State v. Cameron,* 47 Wn. App. 878, 881, 737 P.2d 688 (1987). At one point in the proceedings, Mr. Hegge stated: "If I fall, I die by my own sword, but I gave it my all and I ask this court to afford me that right." We further conclude Mr. Hegge's waiver of counsel has been knowing and intelligent, based upon the trial court's comprehensive examination of him on the perils of proceeding pro se.

When the demand to proceed pro se is made before trial and without a motion for continuance, the right exists as a matter of law. *State v. Fritz,* 21 Wn. App. 354, 361, 585 P.2d 173, 178, 98 A.L.R.3d 1 (1978), *review denied,* 92 Wn.2d 1002 (1979). Mr. Hegge has repeatedly informed the trial court he is ready to proceed to trial, notwithstanding his apparent lack of preparation.

The voluminous record before us is replete with references to Mr. Hegge's characterization of his defense. He maintains he is entitled to control of legal strategy with the "assistance of counsel". To this end, he drafted a 10-point attorney–client agreement which Mr. Delaney signed; he has actively conducted his own defense by speaking in court, filing motions, and writing voluminous briefs. He has intermittently deferred to Mr. Delaney who has, when the occasion demanded, clarified Mr. Hegge's position for the court. The court, in recognition of the relationship between attorney and client, initially designated Mr. Hegge and Mr. Delaney as cocounsel, then changed the nomenclature to pro se/standby counsel. However, the change did nothing to alter the parties' relationship.

This type of attorney–client relationship has been defined as hybrid representation. *State v. Bebb,* 108 Wn.2d 515, 524, 740 P.2d 829 (1987); *State v. Gethers,* 197 Conn. 369, 497 A.2d 408, 414 (1985); 2 W. LaFave & J. Israel, *Criminal Procedure* § 11.5(f), at 51 (1984). As noted in *Parren v. State,* 309 Md. 260, 264, 523 A.2d 597, 599 (1987):

Hybrid representation is apparently considered to encompass both the participation of the defendant in the conduct of his trial when he had not effectively waived the assistance of an attorney to defend him, and the participation by an attorney in the conduct of the trial when the defendant was defending *pro se.*

Our court has determined the Sixth Amendment does not guarantee the right to hybrid representation. *Bebb,* at 524; *see also Parren,* 523 A.2d at 599 (citing *United States v. Hill,* 526 F.2d 1019, 1025 (10th Cir. 1975), *cert. denied,* 425 U.S. 940, 48 L. Ed. 2d 182, 96 S. Ct. 1676 (1976)). The right to proceed pro se and the right to assistance of counsel are mutually exclusive. As noted in *Parren,* 523 A.2d at 264: "There can be but one captain of the ship, and it is he alone who must assume responsibility for its passage, whether it safely reaches the destination charted or founders on a reef." Thus, Mr. Hegge is entitled to choose between two alternatives: proceeding pro se or relinquishing his defense to counsel. *State v. Gethers,* 497 A.2d at 415.

We conclude, in deciding to grant discretionary review, the trial court committed probable error which substantially alters the status quo, RAP 2.3(b)(2), and, on the record before us, determine that Mr. Hegge should be allowed to proceed pro se.

## MR. DELANEY'S WITHDRAWAL

On December 1, 1987, Mr. Delaney filed his first motion to withdraw as cocounsel. He based his motion on the difficult working relationship that had developed between him and Mr. Hegge. He offered to continue to help in a technical manner. In response, Mr. Hegge presented 3½ days of testimony and argument pertaining to Mr. Delaney's ineffectiveness. Mr. Delaney himself was called and testified with great reluctance on his priorities with regard to his defense strategy. He further stated he was spending 50 to 75 percent of his day on Mr. Hegge's case, without making any appreciable progress because of Mr. Hegge's demands, which were often irrelevant and unreasonable. The court

denied Mr. Hegge's motion to dismiss Mr. Delaney for ineffective assistance of counsel, and also denied Mr. Delaney's request to withdraw. It did not change their cocounsel status, but did appoint Mr. Delaney as spokesperson while in court.

On February 1, 1988, Mr. Delaney again moved to withdraw, noting Mr. Hegge was insisting on developing his own line of defense, which ran counter to Mr. Delaney's opinions. He also noted the case was an economic drain on his office resources and staff. On April 13, 1988, Mr. Delaney again advised the court his staff was completely involved in typing volumes of handwritten briefs submitted by Mr. Hegge. On April 29, 1988, Mr. Hegge attempted to fire Mr. Delaney, but the court ordered Mr. Delaney to remain as standby counsel, after once again denying Mr. Delaney's motion to withdraw. On June 6, 1988, Mr. Hegge requested the court to dismiss Mr. Delaney, but the court refused. Mr. Delaney moved the court to permit withdrawal noting Mr. Hegge did not trust him enough to reveal facts on which to base legal advice. The motion was denied.

In his affidavit filed in support of his motion for withdrawal, Mr. Delaney notes several reasons for his frustration: (1) Mr. Hegge's failure to abandon a theory once the court has decided against him and failure to move to another theory, (2) his failure to initiate proceedings to secure out–of–state witnesses, (3) failure to seek a change of venue, (4) failure to pursue a motion to suppress, (5) failure to file a witness list, (6) failure to secure additional discovery. Mr. Hegge has instituted civil litigation against Mr. Delaney, and has indicated an intent to call Mr. Delaney as a witness in this criminal trial.

■ CrR 3.1(e) permits withdrawal of an attorney where good and sufficient reason is shown. The standard of review is whether the trial court has abused its discretion in denying withdrawal. Simple lack of rapport between attorney and client is not a basis for withdrawal of counsel, even where client and attorney agree withdrawal is preferred.

*State v. Peele,* 75 Wn.2d 28, 32, 448 P.2d 923 (1968). However, a complete breakdown of communication which may lead to an unjust verdict is considered a good and sufficient reason for withdrawal. *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir. 1970); *United States v. Padilla,* 819 F.2d 952, 955 (10th Cir. 1987) (citing *McKee v. Harris,* 649 F.2d 927, 931 (2d Cir. 1981), *cert. denied,* 456 U.S. 917 (1982)).

Recognizing this matter has consumed Mr. Delaney and his staff for approximately 18 months, that he has been called as a witness by Mr. Hegge and has been forced to testify in court to Mr. Hegge's detriment, and may be called at trial, we conclude such a complete breakdown has occurred. Additionally, Mr. Delaney's motion to withdraw has been made prior to trial and will not result in delay as Mr. Hegge has repeatedly indicated he is ready to proceed. *Lewis v. Lane,* 816 F.2d 1165, 1170 (7th Cir. 1987); *United States v. Main,* 443 F.2d 900, 901 (9th Cir.), *cert. denied,* 404 U.S. 958 (1971). Thus, to force Mr. Delaney to continue in any capacity would be a miscarriage of justice for both Mr. Delaney and Mr. Hegge.

The issue of appointment of other standby counsel is not before us. Thus, we decline to address it and leave the matter to the discretion of the trial court. Other pending motions have been rendered moot by this decision. The stay is lifted and the trial court shall forthwith reset this matter and proceed to trial.

GREEN and MUNSON, JJ., concur.