19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Christian WATTER, Petitioner-Appellant,
v.
E.R. MYERS, Warden, Respondent-Appellee.
 No. 93-55732.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 1
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 John Christian Watter, a California state prisoner, appeals pro se from the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Following jury trial, Watter was found guilty of attempted murder and assault with a deadly weapon causing great bodily injury for an attack with a knife on his father.[1] Watter contends that his federal constitutional rights were violated because the California state trial court improperly denied his motion to dismiss counsel and the prosecutor committed misconduct during the course of the trial. We have jurisdiction under 28 U.S.C. 2253, and we affirm.
 
 
 4
 We review de novo the denial of a habeas petition. Carter v. McCarthy, 806 F.2d 1371, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). However, any factual findings made by the district court are reviewed for clear error. Id.
 
 I. Denial of Motion to Dismiss Counsel
 
 5
 A criminal defendant does not have an absolute right to dismiss trial counsel and the denial of a motion to dismiss counsel rests within the sound discretion of the trial judge. United States v. Main, 443 F.2d 900, 900 (9th Cir.) (per curiam), cert. denied, 404 U.S. 958 (1971). However, the trial judge's discretion is not unlimited. The refusal to permit substitution of counsel may result in the denial of the right to effective representation of counsel if the defendant and counsel are embroiled in an "irreconcilable conflict." Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir.1970). In applying this rule, we examine three factors: "(1) the timeliness of the motion; (2) the adequacy of the [trial] court's inquiry into the defendant's complaint; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1350 (1993).
 
 
 6
 Approximately six weeks before the trial, Watter through his counsel advised the trial judge that Watter wanted another Deputy Public Defender to represent him. The trial judge summarily denied the motion without providing Watter or counsel an opportunity to state the reasons for Watter's dissatisfaction with counsel. The district court found, and we agree, that Watter made a timely motion and that the trial court did not conduct an adequate and fair hearing on the motion.
 
 
 7
 An evidentiary hearing was conducted on whether the conflict between Watter and counsel, if any, resulted in a lack of communication precluding an adequate defense. Both Watter and his state trial counsel submitted declarations in advance of the hearing and Watter testified at the hearing. The magistrate judge found that there was no breakdown in the relationship between Watter and counsel. Specific evidence cited by the magistrate judge in support of this finding included: (1) numerous examples of presentation of direct evidence and cross-examination by counsel that would not have been possible without Watter's assistance; (2) trial counsel's declaration that he discussed trial strategy and the testimony of potential witnesses with Watter; and (3) Watter's testimony at the evidentiary hearing that there was an irreconcilable conflict was not credible.
 
 
 8
 On appeal, Watter argues that counsel provided deficient representation at trial, primarily on the basis that counsel failed to object to the introduction of various physical, forensic and documentary evidence.[2] Watter has not met his burden of demonstrating that the magistrate judge's finding was clearly erroneous. See Carter, 806 F.2d at 1375. Accordingly, since there was no conflict that was so great as to result in a complete breakdown in communication between Watter and counsel which prevented an adequate defense, despite Watter's timely objection and the trial court's failure to conduct a hearing on the matter, Watter has not shown there was an irreconcilable conflict between himself and counsel. The denial of the motion to dismiss counsel was proper. See Castro, 972 F.2d at 1110.
 
 II. Alleged Prosecutorial Misconduct
 
 9
 Watter contends the prosecutor committed misconduct by introducing unauthenticated evidence and expressing his personal opinion with respect to Watter's guilt and the credibility of a witness. Upon an independent review, the court finds the record does not support Watter's contentions. Accordingly, habeas relief is inappropriate. See Darden v. Wainwright, 477 U.S. 168, 181 (1986) (habeas relief only proper when the prosecutor's misconduct infected the trial with unfairness).
 
 
 10
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Two special allegations resulting in sentencing enhancements were also found by the jury. One of the enhancements was subsequently struck on appeal. Watter was ultimately sentenced to a prison term of eleven years and is currently on parole
 
 
 [2]
 To the extent that Watter raises a claim of ineffective assistance of counsel in his argument concerning the denial of the motion to dismiss counsel, we reject this claim. The Magistrate Judge concluded that despite the allegedly strained relationship, trial counsel provided Watter an excellent defense in the face of overwhelming evidence of guilt. There is substantial support in the record for this conclusion. Trial counsel sought to create a reasonable doubt as to the cause of the victim's injuries, e.g. by an accidental fall through a glass window, and was successful in convincing the trial court to exclude several items of evidence harmful to Watter. Furthermore, Watter has not proven, absent counsel's alleged deficiencies, that there was a reasonable probability the result of his case would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984)