# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51186-0-II |
| Respondent, | |
| v. | |
| GARRETT ANTHONY WILLIAMS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Garrett Williams appeals his judgment and sentence after pleading guilty to communication with a minor for immoral purposes.  Williams argues that the trial court erred by denying his motion to substitute counsel.  Williams also argues, and the State agrees, that the criminal filing fee and interest accrual on nonrestitution legal financial obligations (LFOs) are no longer authorized under recent legislative amendments and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).  We affirm Williams's conviction, but remand to the trial court to strike the criminal filing fee and any interest accrual on nonrestitution LFOs.

## FACTS

In May 2016, the State charged Williams with felony communication with a minor for immoral purposes.[1]  On July 18, Williams was charged in a different county with first degree rape.

---

[1] RCW 9.68A.090(2).

On August 1, 2017, Williams's counsel moved to withdraw from representation. Counsel stated that Williams's communication was sporadic, that he did not respond to e-mails, and that there had been a complete breakdown in the relationship.

Williams opposed counsel's motion to withdraw, saying that he wanted counsel to continue representation. Williams said that he was accessible by telephone and e-mail, and that he had recently spoken with counsel by telephone. The State also opposed counsel's motion to withdraw, noting that counsel had been working on the case for roughly one year, that counsel had been working with an expert, and that trial was scheduled to begin the following month. The State argued that it was aware that counsel and Williams had been communicating, and that any difficulty communicating was a recent problem. The State argued that allowing counsel to withdraw would require an additional continuance, which was concerning given the age of the case. The State noted that the case was "very old" due to multiple continuances and Williams's failure to appear twice. 2 Verbatim Report of Proceedings (VRP) (Aug. 7, 2017) at 14. Counsel acknowledged that allowing him to withdraw would require an additional continuance.

The court addressed whether the attorney-client relationship was irreparably severed or had suffered a complete breakdown in communication. The court found that there was not a "complete breakdown in communication such that the attorney-client relationship is irreparably severed." 2 VRP (Aug. 7, 2017) at 19. In addition, the court found that allowing counsel to withdraw "would necessarily result in further delay and be extremely detrimental to the victim." 2 VRP (Aug. 7, 2017) at 23. The court ruled that a continuance was not justified, and any

benefit of a continuance did not outweigh the detriment to the victim, and it denied counsel's

motion to withdraw.

On August 18, Williams pleaded guilty to communication with a minor for immoral

purposes.[2]  At the plea hearing, counsel told the court:

> We went over the plea together, we discussed the ramifications of it. . . . We discussed other things and the impact that this is going to have on his life, and he has decided to plead guilty, and I believe he is entering into this plea knowingly, voluntarily, intelligently.

VRP (Aug. 18, 2017) at 6.  The court engaged in a colloquy with Williams about his guilty plea:

> THE COURT: Okay.  Mr. Williams, have you had the opportunity to discuss this plea with [counsel]?
> [Williams]:  Yes.
> THE COURT:  Do you understand that when you plead guilty, you give up your right to go to trial, the right to confront witnesses against you, the presumption that you're innocent, and other important constitutional rights?
> [Williams]:  Yes.
> THE COURT:  Did anyone threaten you to plead guilty today?
> [Williams]:  No.
> HE COURT:  So it's your decision, is that correct?
> [Williams]:  Yes.
> THE COURT:  Did [counsel] explain to you what the legal definition of communicating with a minor for immoral purposes is?
> [Williams]:  Yes.
> THE COURT:  Did he explain to you that your standard range sentence with an offender score of zero is one to three months in the Pierce County Jail and 12 months of community custody?  That means that [the Department of Corrections] supervises you when you're out in the community.
> [Williams]:  Yes.
> . . . .
> THE COURT:  There's some other consequences to you pleading guilty in this case. . . .
> . . . .
> Did [counsel] talk to you about the sex offender registration requirement?

---

[2] Williams pleaded guilty to the original charge; the State did not offer a reduced charged.

[Williams]: Yes.

VRP (Aug. 18, 2017) at 6-8.

In his written statement on plea of guilty, Williams described the factual basis for the charge, and stated that he had "fully discussed" his guilty plea with counsel. CP at 31. The court accepted Williams's guilty plea, finding that his decision to plead guilty was knowing, intelligent, voluntary, and factually supported. The court scheduled a sentencing hearing for October 20.

The week before sentencing, Williams filed a motion to substitute counsel and continue sentencing. Williams stated that he and counsel had "irreconcilable differences" and that he had not had adequate opportunity to talk about his case with counsel. CP at 35. Williams also stated that he felt that he "entered [his] guilty plea under duress and was uninformed about the case and the consequences" of his guilty plea. CP at 36. He asked the court to substitute counsel to allow him to "consider [his] options" before sentencing. CP at 36.

At the sentencing hearing, Williams reiterated his request for the court to substitute counsel. Counsel told the court that he stood by his prior statements that his relationship with Williams was irrevocably broken and "nothing ha[d] changed." VRP (Oct. 20, 2017) at 2. The trial court did not find good cause to allow counsel to withdraw at sentencing and substitute counsel.

The parties presented an agreed sentencing recommendation, which the court accepted. The court imposed a midrange sentence of two months of confinement, with credit for time

No. 51186-0-II

served and 12 months of community custody. The court imposed LFOs, including a criminal filing fee and interest. The court found Williams indigent. Williams appeals.

ANALYSIS

A.    *Motion To Substitute Counsel and Continue Sentencing*

Williams argues that the trial court abused its discretion by denying his motion to substitute counsel.[3] Specifically, he argues that the trial court abused its discretion because (1) he did not have an adequate opportunity to discuss his guilty plea with counsel before entering it, and (2) he and counsel had a breakdown in communication. Williams does not argue to withdraw his plea, but asks us to remand for substitution of defense counsel.

A criminal defendant who is dissatisfied with counsel must show good cause to warrant substitution of counsel. *State v. Stenson*, 132 Wn.2d 668, 734, 940 P.2d 1239 (1997). Good cause may be shown through an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant. *Stenson*, 132 Wn.2d at 734. "Simple lack of rapport between attorney and client is not a basis for withdrawal of counsel, even where client and attorney agree withdrawal is preferred." *State v. Hegge*, 53 Wn. App. 345, 350, 766 P.2d 1127 (1989).

---

[3] In his issue statement and conclusion, Williams references "conflict-free counsel." Br. of App. at 1. Williams does not offer argument or otherwise expand on whether counsel had a conflict of interest.

Williams also cites legal authority regarding voluntary guilty pleas and ineffective assistance of counsel. He does not argue that his plea was involuntary, or ask this court to determine whether he received ineffective assistance of counsel.

We review a trial court's refusal to appoint new counsel for an abuse of discretion. *State v. Lindsey*, 177 Wn. App. 233, 248, 311 P.3d 61 (2013). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Lindsey*, 177 Wn. App. at 248-49. A decision is based on untenable grounds if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. *Lindsey*, 177 Wn. App. at 249. When reviewing a trial court's refusal to appoint new counsel, we consider (1) the extent of the conflict, (2) the adequacy of the trial court's inquiry, and (3) the timeliness of the motion. *Lindsey*, 177 Wn. App. at 249.

Williams's claim that he did not have an adequate opportunity to discuss his guilty plea with counsel is belied by the record. The trial court conducted a lengthy colloquy with Williams about his guilty plea, during which Williams told the court that he had an opportunity to discuss his plea with counsel, and that it was his decision to plead guilty. Further, counsel told the court that he and Williams had discussed Williams's guilty plea, including the consequences and potential impact on his life.

Williams's claim that he and counsel had a complete breakdown in communication is also unsupported by the record. To the contrary, the record demonstrates that although Williams and counsel had experienced some challenges, they were able to communicate. Williams consistently represented that he and counsel were communicating and working together. In August, when counsel attempted to withdraw, complaining of difficulty communicating with Williams, Williams told the court that he wanted counsel to continue representation and assured the court that he was accessible to and actually communicating with counsel. Later, both

Williams and counsel told the court that they had communicated. The trial court was aware of Williams and his counsel's ability to communicate.

Further, Williams's request was not timely. He did not express dissatisfaction until one week before sentencing, which was almost two months after he entered his guilty plea. And the court had previously found that allowing counsel to withdraw would "necessarily result in further delay and be extremely detrimental to the victim." 2 VRP (Aug. 7, 2017) at 23. Even though Williams and counsel agreed that they were having difficulty communicating, Williams did not show a complete breakdown in communication or other irreconcilable conflict. *See Hegge*, 53 Wn. App. at 351. Williams did not show sufficient reason to justify substituting counsel and delaying the proceedings, thus, the trial court did not abuse its discretion when it denied his motion to substitute counsel. Williams's claim fails.

B.      *Legal Financial Obligations*

Next, Williams and the State ask this court to remand to the trial court to strike the criminal filing fee and interest accrual on nonrestitution LFOs.

Recent legislation prohibits trial courts from imposing on indigent defendants criminal filing fees or interest accrual on the nonrestitution portions of LFOs. RCW 36.18.020(2)(h); RCW 10.82.090; *Ramirez*, 191 Wn.2d at 746. The recent legislation applies prospectively to defendants, like Williams, whose cases were pending appellate review and were not yet final when the legislation was enacted. *Ramirez*, 191 Wn.2d at 747-49. We remand for the trial court to strike the criminal filing fee and any interest on nonrestitution LFOs.

No. 51186-0-II

We affirm, but remand to the trial court to strike the criminal filing fee and any interest on nonrestitution LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Glasgow, J.

Cruser, J.